[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 11-14699 & 12-12285
Non-Argument Calendar
_____

D.C. Docket No. 4:10-cr-00218-WTM-GRS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NIURKA RASCO,

Defendant-Appellant.


_____

Appeals from the United States District Court
for the Southern District of Georgia
_____

(October 16, 2012)

Before TJOFLAT, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Prior to her trial on a charge of conspiring with her husband to commit

health care fraud in violation of 18 U.S.C. § 1349, Niurka Rasco pled guilty to an information charging her with violating Medicare assignment terms under 42 U.S.C. § 1320a-7b(3).[1]  On September 28, 2011, the District Court sentenced Rasco to three-years' probation.  The conditions of probation required that Rasco "shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer " and "shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons."

In No. 11-14699, Rasco appeals the District Court's judgment, arguing that the District Court erred in requiring her to work as a condition of probation and in delegating to the probation officer the ministerial authority to excuse her from that work for "schooling, training, or other acceptable reasons."  Such delegation, she contends, constituted an unlawful delegation of a judicial function to a probation officer.

Following the District Court's imposition of sentence, Rasco did not  object to the sentence for the reasons she now presents as arguments for reversal.  We

---

[1]  The charge was that Rasco knowingly violated the terms of assignment in connection with a medical clinic, United Medical, by filing documents with Medicare on behalf of United Medical in which she fraudulently identified herself as the sole owner of the firm, whereas her husband was the true owner.

therefore consider them under the plain error doctrine. Rasco points to no case which would have informed the District Court that the conditions of probation she now challenges could not lawfully be imposed. Rasco has therefore failed to establish plain error and thus a basis for reversing the District Court's judgment.

In March 2012, the Probation Officer notified the District Court that Rasco had violated the conditions of her probation. On April 11, 2012, the court held a revocation hearing and concluded that Rasco

> violated the terms and conditions of probation by repeatedly failing to follow instructions of the probation officers, by failing to gain any gainful employment and by failing to work, by failing to take the responsibility on herself to have the mental health evaluation that the Court ordered in this case, and by failing to generally respect the order of this Court placing her on probation and the conditions of that order; and also, as a result of her continued insistence of innocence in this case, by generally failing in every respect to cooperate with the United States Probation Office . . ., and maintaining a constant disrespectful attitude toward the whole process.

The court therefore revoked Rasco's probation and sentenced her to prison for three months. In No. 12-12285, she appeals the revocation and sentence she received.[2] We find no merit in the appeal.

Rasco presents three arguments for reversal: (1) the District Court erred in admitting an absent witness's hearsay statements made during the revocation

---

[2] Rasco was admitted to bail pending the resolution of these consolidated appeals.

3

hearing without conducting the confrontation balancing test required by *United States v. Frazier*, 26 F.3d 110 (11th Cir. 1994); (2) the court erred, and thus denied Rasco due process of law, in relying on facts conceded by her attorney at the revocation hearing regarding her involvement in the underlying health care fraud; and and (3) the evidence was insufficient to revoke her probation.  Rasco did not raise arguments (1) and (2) in the District Court; thus, we consider them for plain error.

Rasco's first point is based on testimony Probation Officer Brownstein gave at the revocation hearing.  Officer Weber supervised Rasco, but did not attend the hearing.[3]  Brownstein, Weber's supervisor, informed the court, over Rasco's hearsay objection, what Weber had told him about her supervision of Rasco. Brownstein, as part of his supervision of Weber, discussed Rasco' behavior with Weber on numerous occasions.  Those discussions focused on Weber's difficulties in getting Rasco to comply with the conditions of her probation.  Brownstein's testimony was consistent with the Probation Office's initial report to the court. Rasco has never contended that the hearsay statements were false or unreliable; we therefore conclude that the court's *Frazier* error was harmless.

---

[3] Weber had been in an auto accident and was unable to attend the hearing.

4

Rasco's second point is meritless.  Rasco cites no case that would have informed the court that it could not rely on counsel's representations.  Rasco's third point also lacks merit.  The evidence established that, from the start of her supervison, Rasco repeatedly refused to follow the instructions of her probation officer—she refused to obtain a mental health evaluation, made little or no effort to find a job, declined to give account of her finances, and otherwise failed to live up to the obligations the conditions of probation imposed.

The judgments in Appeals Nos. 11-14699 and 12-12285 are

AFFIRMED.